**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RAY RILEY, M40439,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 24-cv-02624-SMY** |
| | ) | |
| **ANTHONY WILLS,** | ) | |
| **TONYA KENNER,** | ) | |
| **and JOE LOERA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, Chief District Judge:**

This matter is before the Court for preliminary review of the Second Amended Complaint (Doc. 21) filed by Plaintiff Ray Riley, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Lawrence Correctional Center. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional claims arising from his alleged assault by an inmate in protective custody at Menard Correctional Center on May 31, 2024. He seeks monetary relief. The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant.

**Second Amended Complaint**

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 21, pp. 5-6): While being escorted in handcuffs from protective custody to the shower in Menard's West House 5 Gallery on May 31, 2024, Plaintiff alerted Officer Loera that an inmate threatened to attack him. *Id.* at 5. Officer Loera responded, "Are you going to the shower or not?" Plaintiff went to the shower.

1

After showering, Plaintiff cuffed up and again alerted Officers Loera and Roberts that "I.I.C." made plans to attack him. Both officers told him to "shut up and go upstairs." *Id*. Plaintiff complied with the order. When he reached 5 Gallery upstairs, Inmate Johnson (Cell 508) threw urine and feces at his face, chest, shoulders, and feet. Plaintiff could not defend or protect himself because he was cuffed. Other protective custody inmates were in line with him but did not know how to respond. Officer Roberts approached the front of the line and yelled, "What[']s the fucking holdup?" *Id*. The other inmates explained that an inmate in Cell 508 was throwing urine. Instead of addressing that inmate, Officer Roberts turned to Plaintiff and said, "O[h] you like to hold up my line." *Id*. at 6. Plaintiff was then taken downstairs and held.

Plaintiff was eventually allowed to speak with medical staff about a shower. Jane Doe 1 cleared him for restricted housing in North 2. She informed him that he would shower when he arrived there, but unidentified officers refused to grant him access to a shower when he reached North 2. Instead, they placed him in a dirty cell with feces, urine, semen, and mold on the walls and no ventilation. Bugs infested the cell. Plaintiff had to sell his food trays to obtain soap, towels, sheets, and other personal property items. *Id*.

Plaintiff received a ticket from Majors Kochn and Evaldi on June 1, 2024. The ticket was issued at 4:50 p.m. and indicated that Plaintiff was attacked with urine and feces at 4:50 p.m. Although he attempted to spit in response to the attack, he never actually did so. He was nevertheless sent to a hearing before Menard's Adjustment Committee, where Lieutenant Kenner punished him with 14 days in segregation for the assault he did not commit. *Id*.

The Court designates the following claims in the *pro se* Second Amended Complaint:

**Count 1:**   Eighth Amendment claim against Defendant Loera for failing to protect Plaintiff from assault by Inmate Johnson on or around May 31, 2024.

**Count 2**:   Eighth Amendment claim against Defendants for subjecting Plaintiff to

2

unconstitutional living conditions in North 2 beginning May 31, 2024.

**Count 3:** Fourteenth Amendment claim against Defendant Kenner for depriving Plaintiff of a protected liberty interest without due process of law by punishing him with 14 days of segregation for an assault he never committed on or around June 1, 2024.

Any other claim mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **Preliminary Dismissals**

Plaintiff alleges misconduct by individuals who are not identified as defendants in the Second Amended Complaint, including: Officer Roberts, Major Kochn, Major Evaldi, Inmate Johnson, Unidentified Officers, Jane Doe 1, and medical staff, among others. When a plaintiff does not identify individuals as defendants in the case caption or list of defendants, the Court will not treat them as such. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Therefore, all claims against non-parties are **DISMISSED without prejudice**.

Plaintiff names Anthony Wills as a defendant in the case caption but makes no allegations of wrongdoing against him in the statement of his claim. Simply invoking the name of a potential defendant is not enough to state a claim against him under § 1983. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). When a plaintiff does not mention the defendant in his statement of claim or make any allegations against him or her, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). Accordingly, Anthony Wills will be **DISMISSED without prejudice**.

3

**Discussion**

**Count 1**

The Eighth Amendment imposes a duty on prison officials to take reasonable steps to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state a failure-to-protect claim against a prison official, a plaintiff must set forth allegations suggesting he was incarcerated under conditions posing a substantial risk of serious harm to his health or safety, and that the defendant responded to the serious risk of harm with deliberate indifference. *Id*. Plaintiff must identify a specific, impending, and substantial threat to his safety and allege that the defendant deliberately disregarded the risk. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff alleges he warned Officer Loera twice that he was the target of an inmate attack on May 31, 2024, and that Loera disregarded his concerns both times. He also alleges that following his second warning, Loera told him to shut up, he was attacked moments later, and was then punished for the incident. These allegations are sufficient to state a viable claim in Count 1 against Officer Loera. Because no other defendants are mentioned in connection with the claim, Count 1 is dismissed without prejudice against all other defendants.

**Count 2**

To state an Eighth Amendment claim for unconstitutional conditions of confinement, a plaintiff must describe an objectively serious deprivation resulting in "the denial of the minimal civilized measure of life's necessities," such as food, shelter, clothing, bedding, cleaning supplies, and hygiene items. *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). The plaintiff must also allege deliberate indifference by each defendant, which occurs when an official knows of and disregards an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837.

Plaintiff mentions "unidentified officers" who placed him in a filthy cell in North 2 on May 31, 2024, but "unidentified officers" are not named as defendants in the Second Amended Complaint. Accordingly, Count 2 will be dismissed for failure to state a claim against any defendants.

### Count 3

A Fourteenth Amendment due process claim arising from allegedly unfair disciplinary action requires the plaintiff to plead facts suggesting (1) the existence of a constitutionally protected liberty interest triggering the right to due process of law; and (2) deficient procedures in connection with the deprivation of that interest. *Lisle v. Welborn*, 933 F.3d 705, 720 (2019). The question is "whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). A protected liberty interest arises where a plaintiff suffers punishment that amounts to an "atypical and significant hardship" on the inmate in relation to the ordinary incidents of prison life. *See Croom v. Schoenbeck*, 2025 WL 957898, at *1 (7th Cir. March 31, 2025) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff's punishment with 14 days in segregation does not rise to the level of an "atypical" or "significant" hardship, as described. Moreover, Plaintiff fails to identify what due process rights he was denied at his disciplinary hearing. As such, Count 3 will be dismissed for failure to state a claim for relief against any defendant.

### Disposition

The Second Amended Complaint (Doc. 21) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **JOE LOERA**, in his individual capacity, but this claim is **DISMISSED** without prejudice against all other defendants. In addition, **COUNTS 2** and **3** are

**DISMISSED** without prejudice for failure to state a claim against any defendants.  Defendants **ANTHONY WILLS** and **TONYA KENNER** are **DISMISSED without prejudice.**

The Clerk shall prepare for **JOE LOERA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 21), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Local Rule 8.2, Defendant should only respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

6

Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act and TERMINATE ANTHONY WILLS and TONYA KENNER as parties in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:   May 13, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him with a copy of your Second Amended Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answer, but it is entirely possible that it will take **90 days** or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's attorney has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.